# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-875V
Filed: November 9, 2018
Not for Publication

*************************************
SHERYL STROM,                       *
                                    *
            Petitioner,             *
                                    *
v.                                  *   Reasonable attorneys' fees and costs;
                                    *   Shoulder injury; Settlement.
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************

Maximillian J. Muller, Dresher, PA, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 13, 2015, Sheryl Strom ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that she suffered multiple left shoulder injuries as a result of her October 17, 2014 receipt of the influenza ("flu") vaccine.  Pet. at 1.

On August 2, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms.  Respondent denies that the flu vaccine caused or significantly aggravated petitioner's alleged injury or any other injury.  Nonetheless, the parties agreed to resolve this matter informally.  On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation.  Judgment

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on August 3, 2018.

On September 11, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $32,255.10 and attorneys' costs of $4,956.42, for a total request of $37,211.52.  Fees App. at 2.  Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation.  Id.  Respondent responded to the motion on September 25, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3.  Petitioner did not file a reply thereafter.  The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).  Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's requested fees rates to be acceptable and in conformance to what other special masters have awarded Muller Brazil, LLP attorneys and paralegals.  Additionally, the undersigned finds that the hours billed by petitioner's counsel, Mr. Maximillian Muller, to be reasonable – Mr. Muller has provided detailed billing entries explaining the nature of his work on the case, and all of the time billed for that work appears reasonable.

The time billed by the paralegals who worked on this case, however, requires some adjustment.  The greatest cause for concern with the billed paralegal hours is that the paralegals appear to consider 0.2 hours to be the minimum amount of time to complete any task, no matter how mundane.  For example, for the task of filing documents via CMECF, paralegals billed a minimum of 0.2 hours (and sometimes more) for a task which, in the undersigned's experience, is typically billed for 0.1 hours, if at all.  See generally Fees App. at 4-11.  Paralegals also billed a minimum of 0.2 hours for all preparation of filings, no matter how routine, and for all

communication both telephonic and e-mail, irrespective of the recipient and subject.  Id.  In the undersigned's experience, it is extremely unlikely that all communication done by paralegals in this case lasted a minimum of twelve minutes in each instance.

It is well-established that billing 0.2 hours as the minimum amount of time for a task is not permissible in the Vaccine Program. See McMurty v. Sec'y of HHS, No. 15-405V, 2018 WL 5276700, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) (finding 0.2 hours to be an unreasonable minimum billing time); Yang v. Sec'y of HHS, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013).  Most troubling with this practice, beyond creating obvious instances of excessive billing as is the case when billing 0.2 hours to file a document on CMECF, is the fact that it calls into question the legitimacy of all of the billing entries for paralegals – the undersigned is unable to truly determine how long the paralegals spent replying to e-mails or drafting medical records requests.

The paralegals also billed 0.2 hours or more multiple times for preparing exhibits for filing.  These entries have two problems.  First, they are vague because they do not allow the undersigned to ascertain the nature of the work being performed.  Second, to the extent that preparing exhibits for filing involves scanning them to create PDF documents, this task is administrative/clerical in nature and thus non-compensable in the Vaccine Program. Dempsey v. Sec'y of HHS, No. 04-394V, 2017 WL 6343870, at *6 (Fed. Cl. Spec. Mstr. Nov. 16, 2017).

It is for all these reasons that the undersigned will reduce the number of paralegal hours billed by 30%.  Petitioner's fees application indicates that the total amount billed by paralegals in this matter is $3,422.00.  Fees App. at 1.  Accordingly, petitioner's award of attorneys' fees is reduced by **$1,026.60**.

Turning next to costs, the undersigned finds that additional reductions must be made.  Petitioner has failed to provide adequate documentation for two requests for medical records, one listed as "Records – Healthport re: Swedish Medical Center" for $38.06, and the other listed as "Records – Kaiser Permanente" for $119.16.  Fees App. at 13.  It is well established that when petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. See Emerson v. Sec'y of HHS, No. 15-42V, 2018 WL 3433317, at *3 (Fed. Cl. Spec. Mstr. May 30, 2018); Gardner-Cook v. Sec'y of HHS, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).  Accordingly, **$157.22** shall be deducted from the award of attorneys' costs.  The undersigned finds the remainder of the costs reasonable, and petitioner has provided adequate documentation for these costs.  They will therefore be awarded in full.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  The court awards **$36,027.70** (representing attorneys' fees in the amount of $31,228.50 and costs of $4,799.20) in the form of a check made payable jointly to petitioner and Muller Brazil, LLP.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 9, 2018                                                                /s/ Laura D. Millman
                                                                                       Laura D. Millman
                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.